UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICHARD DEEDS, | ) | |
| | ) | 3:11-cv-00351-LRH-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| J. BRUCE BANNISTER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | January 24, 2013 |
| | ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court are two related matters: plaintiff's motion for a preliminary injunction (#40)[1] and plaintiff's motion for a temporary restraining order (#49).[2] Defendants opposed plaintiff's motion for a preliminary injunction (#45). Plaintiff did not reply.[3] The court has thoroughly reviewed the record and recommends that plaintiff's motion for a preliminary injunction (#40) and plaintiff's motion for a temporary restraining order (#49) be denied.

### I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Richard Deeds ("plaintiff"), a *pro se* inmate, is currently incarcerated at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#30, p. 2). On June 21, 2012, plaintiff filed a revised second amended complaint (#30)

---

[1] Refers to the court's docket numbers.
[2] In plaintiff's motion for a temporary restraining order (#49), plaintiff asks the court to incorporate by reference plaintiff's motion for a preliminary injunction (#40), and the corresponding exhibits (#41).
[3] The court notes that briefing on plaintiff's motion for a temporary restraining order (#49) was stayed pending a final ruling on defendants' partial motion to dismiss plaintiff's revised second amended complaint (#36; #54). However, the court finds that further briefing on plaintiff's motion for a temporary restraining order (#49) is unnecessary.

alleging that defendants Gedney, Benedetti, Palmer, Peery, Haycock, Kahler, and Skolnik violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101, *et. seq.* (Count I); and that defendant Peery violated the First Amendment by retaliating against plaintiff for exercising his right to file prison grievances (Count II). *Id.* at 8-11, 12. Specifically, plaintiff alleges the following:

*Count 1: ADA claim*

Plaintiff suffers from Short Bowel Syndrome, which causes him to have "so many bowel movements [that he] practically live[s] sitting atop a toilet" (#30, p. 8). Plaintiff contends that as an inmate within the NDOC, he is qualified to receive certain benefits, such as:

> health care services provided in [a] timely manner including referral to a gastroenterologist, diagnostic testing not available inside prison itself, and further attending to nursing, hygiene, dietary services, environmental conditions, furniture, favors, and other matters not expressly provided for; appropriate housing and healthful diet; housing within the NNCC Regional Medical Facility; access to a toilet; medical diet; medical restrictions appropriate to my physical limitations; exercise; parole.

*Id.*

Plaintiff alleges that prior to May 17, 2011, defendant Gedney denied plaintiff adequate medical care by: refusing to refer him to a gastroenterologist; failing to order diagnostic testing; prescribing ineffective or inappropriate medication; denying the timely receipt of prescribed medication, access to a toilet, a nutritionally balanced meal plan, and an adequate mattress; forcing plaintiff to take twenty-four hours worth of painkilling narcotics within a twelve-hour period; and refusing to order medical restrictions appropriate to plaintiff's medical condition, i.e., refusing to transfer plaintiff to a single-cell unit. *Id.* at 9-10.

Plaintiff also alleges that defendant Benedetti denied plaintiff access to a toilet; scheduled breakfast before plaintiff received his daily medication; and refused to transfer plaintiff to a single-

cell unit. *Id.* at 10. Plaintiff contends that when defendant Palmer replaced defendant Benedetti as the warden of NNCC, defendant Palmer's only response was that, "emergency medical care would be available." *Id.* Plaintiff further alleges that defendant Peery denied him timely delivery of codeine, and that defendants Haycock and Kahler scheduled meal times without regard for plaintiff's pill call. *Id.*

*Count 2: First Amendment Retaliation claim*

Plaintiff alleges that on April 7, 2011, defendant Peery threatened plaintiff with disciplinary action for attempting to file a prison grievance regarding plaintiff's medical care. *Id.* at 12.

On July 23, 2012, defendants filed a partial motion to dismiss plaintiff's revised second amended complaint (#36) asking the court to dismiss plaintiff's ADA claim (Count I). On January 7, 2013, this court recommended that defendants' partial motion to dismiss plaintiff's revised second amended complaint (#36) be granted, as plaintiff does not have an actionable claim under the ADA (#56).[4] The court recommended that plaintiff's ADA claim (Count I) be dismissed with prejudice and that plaintiff's First Amendment retaliation claim (Count II) proceed as the only remaining claim in this litigation. *Id.* at 11-12.

Prior to the court's recommendation, on August 16, 2012, plaintiff filed his motion for a preliminary injunction (#40). In this motion, plaintiff alleges that "prison officials know I'm in bad shape and need a single-cell." *Id.* at 2. Plaintiff also alleges that NDOC Administrative Regulation ("AR") 614 does not contain a provision for single-cell housing or access to a toilet. *Id.* Plaintiff contends that after he filed the present lawsuit, NNCC Associate Warden Elizabeth Walsh transferred him from "preferred housing" to a housing unit "where [living] conditions were yet

---

[4] Plaintiff's original complaint, filed on May 17, 2011, also contained an ADA claim (Count II). The court screened this complaint, pursuant to 28 U.S.C. § 1915A, and dismissed plaintiff's ADA claim on the grounds that "plaintiff does not set forth factual allegations to show that he has been denied the benefits of services due to his disability, but instead attempts to re-frame his Eighth Amendment medical allegations as ADA claims" (#6, p. 6).

worse" (#40, p. 3; #41, p. 37). Plaintiff states that after this housing transfer, he was assaulted by a schizophrenic inmate who allegedly attacked plaintiff to impress Walsh's H.I.V.-infected prison informant, with whom the attacker allegedly had a sexual relationship (#40, p. 4). Plaintiff asks the court to: (1) order defendant Gedney to formally issue plaintiff a single-cell restriction;[5] (2) order defendants NDOC and NNCC to provide plaintiff with access to a private toilet; and (3) order defendants to "develop a policy and programs necessary to remedy its ADA violation(s)." *Id*.

On October 3, 2012, plaintiff filed a motion for a temporary restraining order (#49). In this motion, plaintiff alleges that NNCC Associate Warden Elizabeth Walsh ordered plaintiff's transfer to High Desert State Prison ("HDSP"). *Id.* at 2. Plaintiff asks the court to enjoin defendant NDOC from transferring plaintiff. *Id.* at 1.

Defendants oppose plaintiff's motion for a preliminary injunction on the grounds that: (1) plaintiff has not established a relationship between the alleged injuries for which he seeks injunctive relief and the conduct alleged in the complaint; (2) plaintiff cannot circumvent NDOC's grievance process to seek judicial relief from events that are not part of plaintiff's claims in the underlying lawsuit; and (3) even if plaintiff's allegations are related to the pending lawsuit, plaintiff is not likely to succeed on the merits of his underlying ADA claim and is not likely to suffer irreparable harm if his requested injunctive relief is denied (#45, pp. 2-3).

The court notes that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

---

[5] Although plaintiff requests a single-cell restriction, he also states that he has been "singly-housed at NNCC for some years" (#49, p. 2).

-4-

## II. DISCUSSION & ANALYSIS

### A. Legal Standards

#### 1. Temporary Restraining Order

A temporary restraining order is available when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. *See* Fed.R.Civ.P. 65(b); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951 (2d ed. 1995). Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Los Angeles Unified Sch. Dist. v. U.S. Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981).

#### 2. Preliminary Injunction

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Its sole purpose is to preserve the status quo ante litem (the status that existed before the lawsuit) pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009); 11A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2947 (2d ed. 1995) ("[A] preliminary injunction . . . is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."). A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127,

1131 (9th Cir. 2011). In every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citation omitted).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[when] a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief should not be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

**B.     Analysis**

The court finds that plaintiff seeks to enjoin conduct which is unrelated to his underlying lawsuit. The Supreme Court has found that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* Although the Ninth Circuit has not addressed this issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same).

Courts use injunctive relief to address issues related to the underlying violations presented in the complaint. In plaintiff's revised second amended complaint, plaintiff alleges that defendant Gedney denied him proper medical care and medical accommodations, and that defendants Benedetti, Palmer, Peery, Haycock, and Kahler made it impossible for him to take his medication, as prescribed. In plaintiff's motions for injunctive relief, on the other hand, plaintiff alleges that NNCC Associate Warden Elizabeth Walsh retaliated against him by transferring plaintiff from "preferred housing" to a less desirable housing unit and by ordering plaintiff's alleged upcoming transfer to HDSP. Also, in plaintiff's motion for a preliminary injunction, he alleges that a schizophrenic inmate attacked him, who was then "rewarded with a one-man cell where he could not possibly be caught turning tricks" (#40, p. 4).

The court finds that the factual allegations in plaintiff's motions for injunctive relief are unrelated to the allegations in plaintiff's revised second amended complaint. Plaintiff makes no showing that Walsh's decision to transfer plaintiff to a different housing unit or a different prison is in any way connected to defendant Gedney's medical treatment, or that the conditions in plaintiff's new housing unit prevent him from timely receiving his prescribed medication. Plaintiff also makes no attempt to illustrate how his unfortunate attack by a schizophrenic inmate is in any way connected with this litigation. New, unrelated complaints are properly lodged using the prison grievance system, and if they remain unresolved, by filing a new action.

The court does not have jurisdiction to decide plaintiff's motions for injunctive relief, as plaintiff requests relief from conduct which is unrelated to the present lawsuit. Due to this procedural deficiency, the court will not undertake a full analysis of plaintiff's request for injunctive relief. However, to the extent that any of plaintiff's allegations may be related to his underlying complaint, such as plaintiff's statement that "prison officials know I'm in bad shape and need a single-cell," the court finds that plaintiff cannot meet the standard for injunctive relief, as plaintiff is not likely to succeed on the merits of his ADA claim.

On January 7, 2013, the court recommended that plaintiff's ADA claim be dismissed with prejudice, as plaintiff does not have an actionable claim under the ADA (#56). Accordingly, the court recommends that plaintiff's motion for a preliminary injunction (#40) and plaintiff's motion for a temporary restraining order (#49) be denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that the allegations in plaintiff's motions for injunctive relief (#40 & #49) are unrelated to the allegations in plaintiff's revised second amended complaint (#36). Further, the court concludes that plaintiff cannot

demonstrate that he is likely to succeed on the merits of his ADA claim. Therefore, the court recommends that plaintiff's motion for a preliminary injunction (#40) be **DENIED** and that plaintiff's motion for a temporary restraining order (#49) also be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a preliminary injunction (#40) be **DENIED**. **IT IS ALSO RECOMMENDED** that plaintiff's motion for a temporary restraining order (#49) be **DENIED**.

**DATED:** January 24, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE**